UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY SHAWN ROBINSON,

Plaintiff,

v. Case No. 3:10-cv-510-J-99TJC-MCR

DOUG WATSON, etc.; et al.,

Defendants.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Jeffery Shawn Robinson, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on June 7, 2010. Plaintiff names Warden Doug Watson and Sergeant Garnhard of Lawtey Correctional Institution as the Defendants. As relief, Plaintiff seeks compensatory and punitive damages and the restoration of his gain time.

Plaintiff alleges that, on March 27, 2010, he was placed in handcuffs by Sgt. Garnhard, resulting in a sprained wrist.[1] Complaint at 8. On March 29, 2010, Plaintiff was seen by medical

---

[1] Plaintiff was handcuffed behind his back. Plaintiff complained that when Sgt. Garnhard attempted to remove the handcuffs through the handcuff port of the holding cell, she aggressively snatched Plaintiff's hands backward, which twisted the cuffs into Plaintiff's wrist, causing pain as she attempted to put the key in the handcuffs to remove them. See attachments to the Complaint.

staff and no injury was found.  On March 30, 2010, Dr. Bala provided Plaintiff with an ace bandage and a health slip/pass to wear the ace bandage.  Plaintiff also alleges that he was provided with a balm.  Petitioner states he was retaliated against for filing grievances, and his locker was searched and he received a disciplinary report for having contraband items.  After a disciplinary proceeding, Petitioner was found guilty and given fifteen days of confinement and thirty days loss of gain time.

The Prison Litigation Reform Act (hereinafter PLRA) requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Frivolity dismissals should only be ordered when the legal

theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any 42 U.S.C. § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and, (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. See Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Upon review, this Complaint should be dismissed as frivolous. 28 U.S.C. § 1915A. To the extent Plaintiff is attempting to raise an Eighth Amendment claim, he has not alleged facts to support such a claim. The Eleventh Circuit recently stated:

> The Eighth Amendment to the U.S. Constitution provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The use of force constitutes cruel and unusual punishment where it is applied "maliciously and sadistically to cause harm." Skrtich, 280 F.3d 1300. Thus, in order to prevail on an excessive-force claim, a plaintiff must demonstrate that those who used force against

> him acted with malicious purpose. See Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). In addition, a plaintiff must prove that a requisite amount of force was used against him. Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. (quotation omitted). In determining whether the amount of force used against an inmate was *de minimis*, a court may consider the extent of the injuries suffered by the inmate. Skrtich, 280 F.3d at 1302. Nevertheless, a court ultimately should decide an excessive force claim "based on the nature of the force rather than the extent of the injury." Wilkins v. Gaddy, 559 U.S. __, __, 130 S.Ct. 1175, 1177 (2010).

Vicks v. Knight, No. 09-15012, 2010 WL 2079696, at *5 (11th Cir. May 26, 2010) (per curiam) (not selected for publication in the Federal Reporter) (affirming summary judgment for prison officers, concluding that a reasonable factfinder could not believe that inmate Vicks suffered any injury or that anything more than a *de minimis* amount of force was used).

Here, Plaintiff has alleged that he was aggressively handled by Sgt. Garnhard as she attempted to unlock the handcuffs from behind his back through a handcuff port in a holding cell. No injury was found after the incident. Plaintiff complained of a sprained wrist and was provided with an ace bandage. The un-cuffing was accomplished while Plaintiff was in a secured holding

cell, angling his arms and hands through a handcuff port.  A *de minimis* amount of force was used, and the force utilized to un-cuff Plaintiff was not the kind of force repugnant to the conscience of mankind.  See Report of Office of Security, attached to the Complaint.

Plaintiff also claims that he was retaliated against for grieving the matter and was subjected to a locker search and a disciplinary charge.  He was found guilty of the disciplinary violation and was given fifteen days of confinement and thirty days loss of gain time.  Plaintiff has failed to state a claim upon which relief may be granted at this time because his § 1983 claim based on the actions which resulted in the disciplinary report has not yet accrued.  Plaintiff has not demonstrated that the decision concerning the revocation of his gain time credits has been invalidated.  The Court finds this case comes within the ambit of Heck v. Humphrey, 512 U.S. 477 (1994), and should be dismissed without prejudice since the action for money damages has not accrued.  See Edwards v. Balisok, 520 U.S. 641 (1997).

As explained by the Supreme Court of the United States:

> In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas opportunities to challenge the underlying conviction or sentence.

> Accordingly, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed. 2d 906 (1997), we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam).

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary charge and his loss of gain time. Plaintiff has not alleged the reversal of the disciplinary report or presented documents which reflect that he has caused the disciplinary proceeding to be set aside through the administrative, state or federal remedies available to him. Unless and until the disciplinary report has been overturned, Plaintiff has no claim for money damages.

To the extent Plaintiff seeks reversal of the disciplinary report and restoration of his gain time, the proper method for seeking such relief in this Court is by filing a petition for writ of habeas corpus after exhausting his state court remedies.

Thus, this case will be dismissed without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 when

he can demonstrate that the disciplinary report has been overturned.

In conclusion, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349. For this reason, this case will be dismissed as frivolous and for failure to state a claim.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of June, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

sa 6/16
c:
Jeffery Shawn Robinson